IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAVID MICHAEL JOLLY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 1:05-CV-0652-UWC-TMP |
| ) | |
| JAMES DELOACH, Warden; and ) | |
| the ATTORNEY GENERAL of the ) | |
| STATE OF ALABAMA, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM OPINION**

The magistrate judge filed his report and recommendation in this *habeas* action on May 24, 2006, recommending that the action be dismissed as time-barred under 28 U.S.C. § 2244(d). Petitioner filed his objections to the report and recommendation on June 6, 2006. Having now carefully reviewed and considered *de novo* all materials in the court file, including the report and recommendation and the objections to it, the court finds that the objections are due to be and hereby are OVERRULED, the report is ADOPTED, and the recommendation is ACCEPTED.

The magistrate judge concluded that the petition for writ of *habeas corpus* was not timely filed pursuant to § 2244(d) when it was filed on March 28, 2005. The record demonstrates that petitioner's petition for writ of *certiorari* was denied by the Alabama Supreme Court on March 28, 2003. Allowing the usual ninety days for petitioner to seek *certiorari* in the United States Supreme Court (which he did not do), his conviction became final for purposes of triggering the running of the *habeas* limitation period no later than June 26, 2003. Because he did not file any state post-

conviction petitions, the one-year limit for filing a *habeas* action was never tolled, and it expired on June 26, 2004, more than nine months before the petition was filed.

Petitioner's objections to the report and recommendation make two arguments in an attempt to overcome this finding of time-bar. First, he contends that, in violation of the Double Jeopardy Clause, he was convicted of <u>two</u> counts of manslaughter, although he committed only one crime. To be clear, petitioner acknowledges that he was convicted of two separate counts of manslaughter based on his drunken collision with another vehicle in which <u>two</u> people were killed. Despite the fact of <u>two</u> deaths, he contends that, under the <u>Blockburger</u>[1] test, he was guilty of only one crime, and thus was subject only to one sentence of twenty years, not the two consecutive twenty-year terms he was given. For purposes of attempting to overcome the time-bar, his argument is that the second twenty-year sentence exceeds the statutory maximum for one manslaughter conviction so that he is "actually innocent" of that second consecutive sentence. Application of the time-bar to one who is actually innocent may be an unconstitutional suspension of the writ. See <u>Wyzykowski v. Department of Corrections</u>, 226 F.3d 1213 (11th Cir. 2000).

The major flaw in petitioner's argument is that there is no <u>Blockburger</u> error or problem. <u>Blockburger</u> deals with whether the Double Jeopardy Clause bars the imposition of cumulative punishments when one criminal act violates two or more separate and distinct statutes. This case does not involve two distinct criminal statutes, but a single act that caused two deaths, both prosecuted under the *same* statute. Nevertheless, the question presented by <u>Blockburger</u> under these circumstances is whether the legislature intended for each death or legal harm to constitute a criminal offense, even if the deaths or legal harms all resulted from a single act. Many courts have construed

---

[1] <u>Blockburger v. United States</u>, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932).

the criminal statutes of their states and jurisdictions to allow such multiple prosecutions. See "Single Act Affecting Multiple Victims as Constituting Multiple Assaults or Homicides," 8 A.L.R. 4th 960 (1981), and cases collected therein. Indeed, so has Alabama since the decision in McKinney v. State, 511 So. 2d 220 (Ala. 1987). Although the Alabama Supreme Court recognized in McKinney that "Alabama has long followed the minority view that only one criminal conviction may result from a single criminal act," the court went on to hold that "henceforth §§ 13A-1-8(b) and 15-3-8 will allow more than one prosecution and conviction when more than one person is injured as a result of a single criminal act." Alabama Code § 13A-1-8(b) reads:

> When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:
>
> (1) One offense is included in the other, as defined in Section 13A-1-9; or
> (2) One offense consists only of a conspiracy or other form of preparation to commit the other; or
> (3) Inconsistent findings of fact are required to establish the commission of the offenses; or
> (4) The offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct.

None of these four exceptions to the rule of multiple prosecution applies to this case. Thus, even under the Blockbuster test of legislative intent, it is clear that the Alabama Supreme Court has conclusively found that such intent existed in the form of § 13A-1-8(b). Consequently, petitioner's rights under the Double Jeopardy Clause were not violated when he was charged and convicted with two counts of manslaughter based on two deaths caused by one collision. That being the case, he is not "actually innocent" of the second twenty-year sentence.

3

Petitioner's second argument around the time-bar is the assertion that he is entitled to equitable tolling. As noted by the magistrate judge, however, he has not shown any extraordinary circumstances that prevented him from timely filing the instant petition, nor has he demonstrated that he pursued his federal remedies diligently.

The court will enter a separate order dismissing the petition for writ of *habeas corpus* as being time-barred under 28 U.S.C. § 2244(d).

Done the 14th day of August, 2006.

                                                                        /s/ U.W. Clemon
                                                                        U.W. Clemon
                                                                        Chief United States District Judge